# Farmers & Merchants Bank, *et al. v.* Hall, *et al.*

*Bill in Equity by Assignee of Judgment to hold Parties to a Fraudulent Transaction liable to Payment of Debt.*

1. *Fraud; jurisdiction of court of equity.*—Where a bank enters into a conspiracy with its debtor, whereby the latter secures money from another bank to pay the debt, upon the second bank reducing its claim against the debtor to judgment and assigning such judgment, the assignee's remedy against the first bank, on the discovery of the fraud, is in a court of law and not in a court of equity. (COLEMAN, J., dissenting).

[Farmers & Merchants Bank, *et al*. v. Hall, *et al*.]

.APPEAL. from the City · Court .of Montgomery in Equity.

Heard before the Hon. JOHN G. WINTER.

The bill in this case was filed by the appellees against the appellants. The facts of the case are sufficiently stated in the opinion. The appeal is from a decree of the judge of the city court, sitting as chancellor, overruling the respondent's motion to dismiss the bill for the want of equity, and also the demurrers interposed to the bill.

J. M. & P. W. WHITE and R. L. HARMON, for appellants.—It is. clear that the demand.of the Farley National Bank against the A. T. & I. Co., was an indivisible demand *ex contractu* against the A. T. & I. Co,, or, it was an indivisible demand *ex delicto* against the A. T. & I. Co., and all other parties who aided in perpetrating the fraud on said Farley Bank. See *O'Neal v. Brown*, 21 Ala. 482; *Oliver v. Holt*, 11 Ala. 574; 1 Freeman on Judgments, §§ 240, 241.

If there was a fraud perpetrated on the Farley National Bank, and the $151,000.00 borrowed from it by the A. T. & I. Co. was obtained by fraud, the contract between the said bank and the A. T. & I. Co. by which the relations of creditor and debtor were established was not void, but merely voidable, at the instance of the Farley National Bánk. "Fraud does not render contracts and other transactions absolutely void, but merely voidable, so that they may be either confirmed or repudiated by the party who had suffered the wrong. If he elects to repudiate and seek for a remedy, then equity proceeds upon the theory that the fraudulent transaction is a nullity."—Pom. Eq. Jur., § 915.

The Farley Bank had the right to ratify the transaction and claim the benefits of the loan made to the A. T. & I. Co. and the debt due it by said company, even if it might have declared the contract by which the money was obtained void on account of the fraud; but if, with a knowledge of all the facts, the Farley National Bank proceeded to sue the A. T. & I. Co. for a debt due it in an action *ex contractu*, and proceeded to collect what it could on account of said debt, then it is clear that this would be a ratification of the transaction so as to be

binding on the Farley National Bank and all other persons, and an election to waive the tort.—28 Amer. & Eng. Encyc. of Law, 570-71 and note; 6 Amer. & Eng. Encyc. of Law, 250, 254; *Terry v. Munger*, 18 Amer. St. Rep. 803. If the Farley National Bank elected to treat the transaction as one *ex contractu* with the Alabama Terminal & Improvement Company, then it was an election which amounted to a waiver of the fraud or tort as to all of the parties who participated in or had any connection therewith.—*Fowler v. Bank*, 10 Amer. St. Rep. 479 and note; 1 Amer. & Eng. Encyc. of Law, (2d ed.) 1158-9, note; *Blackshear v. Burke*, 74 Ala. 242; *Goldsmith v. Stetson*, 39 Ala. 191; *Lewis v. Dubose*, 29 Ala. 220; *Chenault v. Walker*, 22 Ala. 275.

TOMPKINS & TROY and GUNTER & GUNTER, *contra.*—1. It is a matter of no concern to the party liable that the suit is brought in the name of one person or another, if it is so brought that he may discharge the liability with safety. When the party in whom the legal title is vested is joined as plaintiff, or made a defendant in equity, to a bill seeking satisfaction and alleging a right in the complainant, the question of transfer "by any legal or valid process" is immaterial, so far as the party liable is concerned. The assignment does not have to be proved except as against the assignor. And the Farley Bank being a party defendant in this case, the objection can come only from it.—*McLane v. Riddle*, 19 Ala. 180; *Lamar v. Brown*, 56 Ala. 157; *Nix v. Winter*, 35 Ala. 309; 1 Daniel Chancery Prac. (6th ed.) 197, *et seq.* and notes; 3 Brick. Dig. 369; *Wolffe v. State*, 79 Ala. 201; *Russell v. McCall*, 141 N. Y. 437.

The Terminal Company was liable, for it obtained all the money. And the other respondents are liable, certainly to the extent they knowingly profitted by the operation. If the identical money obtained was discovered hid away, or in the hands of any person not protected as a *bona fide* purchaser, no one could doubt the perfect right of the Farley Bank, prior to the assignment, or of the complainants after the assignment, to impound the money as a trust fund belonging to the bank and have it applied to the payment of the judgment recovered against the insolvent Terminal Company prior to the

discovery of the fraud by which the money was secured. And the use of the money by parties receiving it with notice, and in fact perpetrating the fraud. does not make their case better than if they had the identical money in hand. Trust funds may be pursued through every conversion until they pass into the hands of *bona fide* holders for value, and then the party thus passing them beyond the reach of the owner may·be held liable in equity as upon a conversion.—*May v. LeClaire*, 11 Wall. 235; *U. S. v. State Bank*, 96 U. S. 30; *F. & T. Bank v. Kimball M. Co.*, 47 N. W. Rep. 402; *Lee v. Lee*, 57 Ala. 422; *Wolffe v. State*, 79 Ala. 202.

If an action of deceit had been brought against it, the judgment could not have been less than the debt. If the deceit is unknown—if the conspiracy and co-operation of others is undisclosed and · kept secret—and the party defrauded sues the nominal party in the transaction on the notes or bills given, and obtains judgment, what difference does it make to the secret participants that the form of action is *ex contractu* rather than *ex delicto ?* "Assumpsit will lie whenever the defendant has received money which is the property of the plaintiff and which the defendant is obliged by natural justice and equity to refund," or repay.—*Bayne v. United States*, 93 U. S. 643; *Steiner v. Clisby*, 103 Ala. 181.

The assignment of a judgment necessarily carries with it the cause of action on which it is based, together with all the beneficial interests of the assignor in the judgment and all its incidents.—2 Freeman on Judgments, § 431; *White v. Simpson*, 107 Ala. 386; *Bolin v. Crosby*, 39 N. Y. 187; *Bruns v. Bangert*, 16 Mo. App. 22; *Steiner Bros. v. Clisby*, 103 Ala. 181.

The liability against the Farmers & Merchants Bank can never be adequately made out in a proceeding at law. So that, if for no other reason, the suit is properly in equity, because the remedy at law is not as complete and adequate as in this court.—1 Story's Eq. § 459; 3 Pom. Eq. § 1421. It is not enough to oust equity jurisdiction that there is a remedy at law; it must be as practical and sufficient to the ends of justice as the remedy in equity.—*Boyce v. Grundy*, 3 Pet. 210; *Sullivan v. R. R. Co.*, 94 U. S. 806.

2

COLEMAN, J.—In stating the case made by complainants' bill we deem it unnecessary to repeat the various means and purposes resorted to by respondents in order to accomplish certain proposed results. Stated in short, the case made by the bill is substantially as follows : The Terminal & Improvement Company, a corporation, engaged in building railroads, became financially embarrassed and insolvent. Among others, it owed a large debt, amounting to some forty thousand dollars, to the Farmers and Merchants Bank, a partnership. The members of this partnership, a majority of them at least, were stockholders and officers of the Terminal & Improvement Company, and were advised of its financial condition. The Terminal & Improvement Company, through its president and general manager, and the Farmers and Merchants Bank, entered into a combination and conspiracy by which the Terminal & Improvement Company was to obtain large sums of money from the Farley National Bank, so much of which as was necessary to be used in discharging the large debt of the Improvement Company to the Farmers and Merchants Bank, and thereby substituting the Farley Bank as its creditor for this debt. The plan was successfully carried out by the Terminal and Improvement Company, through what is denominated in the pleadings as "kiting operations," the *modus operandi* being specifically stated in the pleadings. The Farley National Bank being ignorant of the condition of the Terminal & Improvement Company, and supposing that the transactions between it and the Terminal & Improvement Company were in good faith and founded on real transactions, advanced large sums of money to the Terminal & Improvement Company, until there was a balance due for over one hundred thousand dollars. The consequence was, the Farley National Bank was forced to suspension, and its assets and control passed into the hands of a receiver. The receiver instituted suit against the Terminal & Improvement Company, and recovered judgment for over one hundred and seventeen thousand dollars. Execution issued on the judgment, which was returned "No property found." A short time thereafter, the receiver was discharged, and the Farley Bank resumed business.

The Farley Bank, we presume, for a valuable consideration, assigned the judgment against the Terminal & Improvement Company to Hall and Farley, the complainants in the present bill. Up to this period, neither the Farley Bank nor the receiver, nor the assignees of the judgment, had any notice or information of the combination or fraud which had been so successfully planned and accomplished by the Terminal & Improvement Company and the Farmers and Merchants Bank. Upon discovering the fraud, the assignees of the judgment filed the present bill; the purpose of which is to hold the partnership, the Farmers and Merchants Bank, and its members, responsible for the money received by it, which had been obtained by the Terminal & Improvement Company, in pursuance of the scheme entered into and carried out for this purpose. The question raised by the demurrer to the bill and the motion to dismiss for want of equity is, whether under the foregoing state of facts, complainants are entitled to relief in a court of equity.

The rule which declares that when a party has a remedy by proceedings in tort, or *ex contractu*, and elects to proceed *ex contractu*, he can not afterwards proceed in tort, does not arise, and has no application. The assignees purchased the debt as such, and received and now hold what they purchased, and by their purchase of the debt, did not acquire the right to rescind the contract, the foundation of the judgment, so as to authorize them to recover back the money in an action for money had and received, or to maintain an action for deceit. They can only enforce collection of the demand as a debt. The fact that the Farley Bank prosecuted the claim, *ex contractu*, to judgment against the Terminal & Improvement Company, in ignorance of the part that the partnership bank and its members had taken in the commercial transactions between the Farley Bank and the Terminal & Improvement Company, will not operate as a release of the partnership bank and its members, or as an estoppel upon the Farley Bank. or. its assignees, if the part it secretly performed in combination with the Terminal & Improvement Company was such as to render it a debtor to the extent of the money secured by it. The transfer of the judgment by the

Farley Bank transferred the debt, not only as against the Terminal & Improvement Company, but as against any others who may have been, in fact, such debtors, but were unknown at the time of the rendition of the judgment.

The question then is, whether, if the Farley Bank had not assigned the judgment, could it maintain an action against the partnership bank and its partners in assumpsit? Could it waive the tort and proceed against the bank upon the contract for money paid at its request for its use and benefit, or as for a loan of so much money, procured by the Terminal & Improvement Company, at the instance of the bank for its use and benefit? If the Farley Bank could maintain this action, the assignees of the judgment succeeded to the same right. We think it clear the assignees can maintain no action, other than for money loaned, or for money paid at the instance and request and for the benefit and use of the bank partnership. It can not maintain the action for money had and received, for such a cause of action could arise in favor of plaintiffs only on the theory of a rescission of the contract, a right the assignees did not acquire by the purchase of the debt. A majority of the court are of opinion that the legal proposition, involving the right of complainant to maintain the action, is not presented by the present appeal. The writer is of opinion, that the transfer of the judgment operated only as an equitable transfer of the claim, against the bank partnership and its members, and that if their claim is such as to entitle them to hold the bank liable, the right is equitable and cognizable in a court of equity as well as in a court of law. Section 2594 of the Code applies only to courts of law, and does not take away the equitable rights of any person. The majority of the court are of opinion, that, conceding that complainant has a cause of action, a question not decided, their remedy is in a court of law, and not in a court of equity. This leads to the conclusion, that the bill is without equity.

Reversed and remanded.